# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| **JENNIFER HOHLE,** | § |
| *Plaintiff,* | § |
| | § Civil Action No. _____ |
| v. | § |
| **VETERINARY CENTERS OF AMERICA-TEXAS, INC.,** | § **JURY TRIAL DEMANDED** |
| *Defendant.* | § |

## ORIGINAL COMPLAINT

Plaintiff—Jennifer Hohle—brings this action against Defendant—Veterinary Centers of America-Texas, Inc. ("VCA")—to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207, 216(b), and 218 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and Texas common law.

The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This is an action to recover overtime wages, liquidated damages and other damages brought pursuant to the FLSA, and straight time wages under Texas common law.

2. Plaintiff Hohle worked for Defendant as an hourly-paid non-exempt Marketing & Employee Engagement Associate.

3. Although Plaintiff Hohle routinely worked in excess of forty (40) hours per workweek, Plaintiff Hohle was not paid overtime of at least one and one-half her regular rate for all hours worked in excess of forty (40) hours per workweek.

4. The decision by Defendant not to pay overtime compensation to Plaintiff Hohle was neither reasonable nor in good faith.

5. Defendant knowingly and deliberately failed to compensate Plaintiff Hohle overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiff Hohle did not perform work that meets the definition of exempt work under the FLSA.

7. After Plaintiff asserted her rights under the FLSA, Defendant illegally retaliated against her and terminated her employment.

8. Plaintiff Hohle therefore seeks to recover all unpaid wages, liquidated damages, and other damages owed under the FLSA pursuant to 29 U.S.C. § 216(b) and compensatory damages pursuant to 29 U.S.C. § 218(b)1.

## II.
## THE PARTIES

9. Plaintiff Jennifer Hohle ("Hohle") was employed by Defendant during the relevant time period. Plaintiff Hohle did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.

10. Defendant Veterinary Centers of America-Texas, Inc. ("VCA") is a Texas for-profit corporation, licensed to and doing business in the state of Texas, and may be served through its registered agent for service of process: **Corporation Service Company d/b/a CSC-Lawyers, 211 E. 7th Street, Ste. 620, Austin, Texas 78701.**

## III.
## JURISDICTION & VENUE

11. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

12. This Court has supplemental jurisdiction over the additional Texas state-law claims pursuant to 28 U.S.C. § 1367.

13. This Court has personal jurisdiction over Defendant because the cause of action arose within this district as a result of Defendant's conduct within this District and Division.

14. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

15. Specifically, Defendant operates VCA Oso Creek Animal Hospital and Emergency Center located in Corpus Christi, Texas (the "Animal Hospital")—the same VCA location where Plaintiff Hohle was employed—all of which is located within this District and Division.

16. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

17. Defendant operates a national network of animal hospitals.[1]

### Failure to Pay for all Hours Worked

18. Defendant classified Plaintiff as a non-exempt hourly employee, therefore Plaintiff is entitled to overtime under the FLSA.

19. Plaintiff Hohle typically worked fifty-five (55) to sixty (60) hours each week.

20. However, Plaintiff Hohle was only paid for forty (40) hours per week.

21. Plaintiff Hohle's "scheduled" shift for Defendant was 8 am to 5 pm, Tuesday through Saturday at the Animal Hospital.

22. In addition to her scheduled shift at the Animal Hospital, as the Marketing & Employee Engagement Associate for Defendant, Plaintiff Hohle's job duties required her to be active in the community.

---

[1] https://vcahospitals.com/oso-creek

23. Additionally, Plaintiff Hohle was on-call for Defendant 24/7 and was expected to answer calls, text messages, and any other inquiry she received at all hours of the day or night.

24. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

25. Plaintiff regularly worked in excess of forty (40) hours per week but never received any overtime compensation.

26. However, Plaintiff occasionally had work weeks where she worked less than forty (40) hours.

27. Although, Plaintiff performed compensable work for Defendant, Defendant did not pay Plaintiff for all hours worked.

28. Accordingly, Defendant's pay policies and practices willfully violated (and continue to violate) the FLSA and Texas common law.

## Illegal Retaliation

29. Plaintiff Hohle worked as the Marketing & Employee Engagement Associate since 2004[2] until she was terminated from her position on or about March 3, 2023.

30. Defendant switched Plaintiff Hohle's compensation from a salary to an hourly wage in 2021.

31. Given the nature of Plaintiff's position as the Marketing & Employee Engagement Associate for Defendant, Plaintiff Hohle's job duties required her to be active in the community.

32. Additionally, Plaintiff Hohle received calls, text messages, and other communications from other employees of Defendant at all hours of the day and night. Plaintiff Hohle was expected to respond to these communications and resolve any issues that may have occurred.

---

[2] Plaintiff Hohle was not employed by Defendant from 2017 through 2020.

33. Although Plaintiff Hohle regularly performed compensable work on behalf of Defendant outside of the Animal Hospital, Defendant failed to pay her for all hours worked.

34. Defendant retaliatorily terminated Plaintiff Hohle for asserting her rights under the FLSA and Texas common law to be paid for all hours worked.

## V.
## CAUSE OF ACTION

### COUNT ONE
### Unpaid Overtime Pursuant to 29 U.S.C. § 207

**A. FLSA COVERAGE**

35. The preceding paragraphs are fully incorporated herein.

36. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

37. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

38. Specifically, Defendant purchases materials through commerce and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

39. During the period of Plaintiff's employment by Defendant, Plaintiff Hohle provided services for Defendant that involved interstate commerce for purposes of the FLSA.

40. In performing the operations hereinabove described, Plaintiff Hohle was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

41. Specifically, Plaintiff Hohle was a non-exempt Marketing & Employee Engagement Associate who assisted Defendant's customers. 29 U.S.C. § 203(j).

42. At all times hereinafter mentioned, Plaintiff Hohle was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

43. Defendant violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

44. Plaintiff Hohle has suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though Defendant is in possession and control of necessary documents and information from which Plaintiff Hohle would be able to precisely calculate damages.

45. Moreover, Defendant knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff Hohle the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

46. Defendant knew or should have known its pay practices were in violation of the FLSA.

47. Defendant is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

48. Plaintiff Hohle, on the other hand, was an unsophisticated laborer who trusted Defendant to pay her according to the law.

49. The decision and practice by Defendant to not pay Plaintiff Hohle overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

50. Accordingly, Plaintiff Hohle is entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## COUNT THREE
### Unpaid Straight time Pursuant to Texas Common Law

51. Plaintiff Hohle further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

52. Plaintiff Hohle is entitled to recover her unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendant. *Peery v. Nixon Engineering, LLC*, 2019 WL 2565237, No. 6:18-CV-00358-ADA-JCM (W.D. Tex. Mar. 13, 2019).

53. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014). *Peery v. Nixon Engineering, LLC*, 2019 WL 2565237, No. 6:18-CV-00358-ADA-JCM (W.D. Tex. Mar. 13, 2019).

54. Plaintiff Hohle provided valuable services for Defendant, at Defendant's direction and with Defendant's acquiescence.

55. Defendant accepted Plaintiff Hohle's services and benefited from her timely dedication to Defendant's customers.

56. Defendant was aware that Plaintiff Hohle expected to be compensated for the services she provided to Defendant.

57. Defendant has therefore benefited from services rendered by Plaintiff and she is entitled to recover her unpaid wages pursuant to the equitable theory of *quantum meruit*.

## COUNT THREE
## RETALIATION – 29 USC § 218c(a)

58. At all times relevant to this lawsuit, Plaintiff Hohle has been entitled to the rights, protections and benefits provided by the FLSA, 29 U.S.C. §§ 201–19, because she was an employee of Defendant.

59. Section 18(c) of the FLSA, 29 U.S.C. § 218c(a)(2)–(5), makes it unlawful for an employer "to discharge or in any other manner discriminate against any employee" because such employee: is about to provide information relating to an act the employee believes to be a violation of the FLSA to the federal government, is about to assist or participate in an action regarding the perceived FLSA violation, or objected to or refused to participate in a task the employee believed to be in violation of the FLSA.

60. Plaintiff Hohle was fired, in violation of 29 U.S.C. § 218c(a)(2)–(5), as retaliation for asserting her rights under the FLSA.

61. Specifically, Plaintiff Hohle was engaged in protected activity when she requested payment for all hours worked, specifically payment at one-and-a-half times her regular rate of pay for all hours worked over forty. Plaintiff Hohle was ultimately terminated as a result.

62. Defendant knowingly, willfully, wantonly, and/or with reckless disregard carried out its retaliation against Plaintiff Hohle in violation of 29 U.S.C. § 218c(a)(2)–(5).

## VI.
## RELIEF SOUGHT

63. Plaintiff Hohle respectfully prays for judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff Hohle and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff Hohle;

b. For an Order pursuant to Texas common law awarding Plaintiff Hohle unpaid wages and other damages allowed by law;

c. For an Order pursuant to Section 18 of the FLSA awarding Plaintiff Hohle compensatory damages, such as back pay, and other damages allowed by law;

d. For an Order awarding the costs and expenses of this action;

e. For an Order awarding attorneys' fees;

f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g. For an Order compelling the accounting of the books and records of Defendant, at Defendant' expense; and

h. For an Order granting such other and further relief as may be necessary and appropriate.

Date: May 31, 2023    Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Casey L. Kellum**
Federal I.D. No. 3846502
Texas Bar No. 24123611
casey@a2xlaw.com
101 N. Shoreline Blvd., Ste. 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff*